Good morning. Thank you, Your Honors. May it please the Court, Katherine Davis on behalf of Petitioner Chuck Yong. There are two fundamental issues presented in this case. The first is whether the government is- Let me, you know, I'll act like I'm on the district court before you start. Let me, let me ask the attorney for the government just one question, Amy Fredrickson. Isn't the bottom line here that the government failed to meet its burden to prove the underlying convictions? There's no conviction document in the record for this Court to review. There's just no evidence in the record to prove underlying convictions. Well, Your Honor, the government's contention is that, in this case, the Petitioner conceded his conviction. He admitted the allegations in the notice to appear, and he was informed that, by admitting the allegations in the notice to appear, that it could render him subject to removal. And he did not appeal those convictions to the Board of Immigration Appeals. So we're arguing that the Court does not have jurisdiction over the question of removal because he failed to exhaust his administrative remedies. But there's no evidence in the record, no document, a piece of paper- The physical- That supports the conviction. He had two convictions. Right. The physical documents are not in the record, but the DHS attorney did produce those documents in court, which the immigration judge then read into the record, but for reasons unbeknownst to us, did not actually submit the physical documents to the board. Well, we're dealing in a very technical area. We hold these, these folks to very high rules and technicalities. So, okay. That's what I'm sort of focused on, in my mind. All right. Go ahead. Let's go. Thank you, Your Honor. The Court has identified, obviously, the core issue in this case, and that is whether the government has met its burden of proof to establish by clear, convincing, and unequivocal evidence that Mr. Yong was, in fact, convicted of a removable offense. It is true that there is no evidentiary record, no document that was presented to the administrative, to the immigration judge. Did you say that your client admitted it? Yes, Your Honor. That is the government's contention. Our position is that Mr. Yong did not concede removability. There may have been some statements that could be construed as admissions to the underlying factual allegations, but the point is that he did not concede removability itself. It's precisely because Section 11379A is categorically overbroad, in that it criminalizes the possession and sale of controlled substances that are not punishable under Federal law, that a concession to a conviction of that statute, which is what happened here, does not constitute a concession to removability. And that's a key difference, quite plainly. I would also refer the Court to its decision in Huerta Guevara's case, in which the Court found that even if an alien concedes removability expressly, where the adequacy of the conviction record is at issue as it is here, or where the adequacy of the conviction record is at issue as it is here, that concession is not dispositive. The government still has an obligation to prove with judicially noticeable conviction records that the alien is removable as charged. Otherwise, the reviewing court is unable to exercise any meaningful judicial review to examine the record where you have a categorically overbroad statute. Now, some of the cases or two of the cases that the government cites in support of its argument that an admission is sufficient by itself didn't deal with our situation, which does involve the application of the modified categorical approach. There was no question but that the simple fact of the conviction in the Barron case, for example, could categorically qualify as an aggravated felony. So one might argue that an admission to that factual allegation or concession of removability might have been sufficient. But I would argue, under the modified categorical approach, it's fairly plain that judicially noticeable documents from the state record of conviction are the only sources of evidence that the immigration court can consider and that a reviewing court can consider. And as we set out at some length in the briefs, there are numerous cases from this Court and others which speak to this, that testimonial evidence, including judicial admissions, is not sufficient by the alien himself, are simply not sufficient. That the immigration judge is not permitted to look beyond the record of conviction to the facts underlying the conviction, cannot inquire about the facts underlying the conviction, and that rule extends to judicial admissions by the alien himself. Okay. Why don't you just have a seat and let's hear from the government. Yes, Your Honor. How can we tell from what's in the record what this conviction is? Well, there's two points. First of all, before the immigration judge, the Department of Homeland Security attorney did actually produce the record, and the immigration judge What record did he produce? Well, what we have in the record is on page 150 and 151, where the immigration judge states that the government attorney has handed me a conviction record. It's in your name. It shows your date of birth, September 26, 1968. Is that correct? And he says yes. It shows you had an attorney by the name of Donald Marks. Is that correct? Yes. And then it says, okay, I'm just verifying we have a good document. It shows you had two convictions, count three and count four. Count three would appear. Let me read it for a second here. It's basically a conspiracy charge, and you and others conspired to commit the crime and sale or transportation of a controlled person. And then it sets forth overt acts that led to that. Count four is written that you conspired to commit this or some other crime with others. The question we have to look at is whether this count three falls into that category. Basically, this charges you with sale or transportation, but the actual overt acts that you were charged with so that you negotiated it and actually handed over 100 MDMA tablets. Is that correct? Excuse me. That you actually handed 100 tablets of MDMA to that person in the car. Yes, but that was not a sale. So what we have is we have the Department of Homeland Security did produce the record. The immigration judge read it into the record, and the government contends that that is the case. What was the record? I'm sorry? What was the record? The immigration judge identified it as the charging document and then showing that he pled guilty. Charging document? Where he We don't Do you know what Do you have a copy of that document? No, we don't have a copy of that document, but the government further contends that because, in this case, the petitioner failed to appeal his Where was the petitioner at the time? He was in the courtroom. He was in the courtroom? Yes. Was he represented? No, he was not represented, but he was given extensive warnings by the immigration judge, and his case was actually Wasn't the basic issue here whether the state-controlled substances correspond to the federal statute? Yes, that is the How are we going to know that without having the document? Well, the government contends further that the court does not have jurisdiction to even review the question of removability because the petitioner failed to appeal it to the Board of Immigration Appeals. In his appeal to the board, the petitioner argued only that his two convictions should not be construed as aggravated felonies. He makes no argument that either he did not have the convictions or that the state failed to demonstrate that these convictions constituted Well, that's the whole issue, isn't it, whether they constitute aggravated felonies? No, because he was not found removable as an aggravated felon. He was only found removable for having a conviction related to a controlled substance. He was found to be ineligible for relief for having an aggravated felony, but he was not charged with that particular crime for the notice to appear. Well, we don't know whether his plea was withdrawn, what he was sentenced to, what the final charge was in the judgment of conviction. We don't have the judgment of conviction. We don't even have a rap sheet. Again, he admitted that he pled guilty. But all those things were the government's duty to put in the record, right? Right. And so don't you want the government held to a high standard? But in this case, the petitioner admitted all of the facts that he was charged with, and he did not appeal the question of removability to the Board of Immigration Appeals. Well, he's in pro per. This Court has held previously that admissions, this Court held in, I believe it was Berrigan-Lopez v. New Casey, that what the Court wrote was, finally, Berrigan-Lopez contends the government's burden of demonstrating deportability by clear, convincing, and unequivocal evidence has not been met. But at the March 14, 2005 hearing before the immigration judge, Berrigan-Lopez admitted each factual allegation considered by the immigration judge and the Board for removal. Berrigan-Lopez's own admissions constitute clear, convincing, and unequivocal evidence, and therefore, we conclude that the government met its evidentiary burden. The regulations clearly state that an alien's admissions can be considered as evidence. And here, he admitted the charges in the document, and he failed to appeal them to the Board. In his appeal to the Board, he makes no argument at any time that he did not have the conviction with which he was charged or make any argument that the conviction did not constitute a controlled substance violation. He only argues aggravated, that it was not an aggravated felony, which the immigration judge actually concluded, for the purposes of removability, that the conviction with which he was charged was not an aggravated felony based on the petitioner, the arguments that the petitioner made that it was not a sale, and therefore, did not contain a trafficking element. The immigration judge agreed with him and found that because the statute was divisible with respect to whether or not there was a trafficking element, that it was not an aggravated felony, and found him but sustained the removability charge for controlled substances. Even though he was pro se, he was given four pages of warnings by the immigration judge about that he had the opportunity to procure counsel. What would happen if he admitted the charges? And he was given multiple opportunities to procure counsel. And finally, at his fifth appearance before the immigration judge, he said, no, he told the immigration judge that he wanted to speak on his own behalf and that he was waiving his right to counsel. So in this case, because he made those admissions and because he did not appeal them to the board, the government argues that the Court does not have jurisdiction because he failed to exhaust his administrative remedies. But even if he were to assert jurisdiction over the question of removability, that the government satisfied its burden of proof through his admissions. The only question that remains before the Court, then, is whether the petitioner's admission that he had a conviction for a crime that's an aggravated felony constitutes sufficient evidence to deny cancellation of removal. And that's the second conviction that he admitted that he had, which was not charged in the notice to appear, which was for a violation for possession for sale of a controlled substance under Section 11378 of the California Health and Safety Code. The petitioner, for the purposes of relief, the petitioner had the burden of proof to demonstrate that he was eligible for relief from removal, including that he did not have any disqualifying offenses. The petitioner admitted here that he had a conviction for possession for sale. The Court has previously determined that possession for sale inherently has a trafficking element and, therefore, is an aggravated felony. He, in their brief, the petitioners argued that Sandoval Lua should be controlling Sandoval Lua is different because, in that case, the record contained the relevant conviction documents, and the conviction documents were inconclusive. And here, the petitioner did not satisfy his burden of proof, demonstrating that he did not have an aggravated felony. Rather, he admitted that he had the conviction, that the conviction was for possession for sale, was for MDMA, which is a Schedule I substance under the CSA, and, therefore, he failed to meet his burden of proof for showing eligibility for cancellation of removal. Thank you very much. Thank you. The matter will stand submitted. And the Court will adjourn.
judges: Pregerson, Hawkins, Cudahy